### Albirda Lee v. The State.

No. 3804. Decided November 10, 1915.

Reached hands of Reporter December. 1915.

**Assault to Murder—Verdict—Practice.**

Where, upon trial of assault to murder, the cour, submitted to the jury three forms of a verdict, and the jury filled out the third blank verdict, the foreman signing the same, and no exception was reserved thereto except in the motion for new trial, there was no reversible error.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment.

The opinion states the case.

*McLean, Scott & McLean,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of verdict: Buster v. State, 42 Texas, 315; Lindsay v. State, 1 Texas Crim. App., 327; Bland v. State, 4 id., 15; Wilborne v. State, 66 S. W. Rep., 559.

HARPER, Judge.—Appellant was convicted of assault with intent to murder, and her punishment assessed at two years confinement in the State penitentiary.

The court in submitting his charge to the jury, submitted also three forms of verdict, one in case the jury found appellant not guilty; one in case they found her guilty, and recommended a suspension of sentence, and the other if they found appellant guilty and recommended that the sentence be not suspended. Instead of writing out their verdict in full, the jury filled out the blanks in this latter form, and the foreman signed his name thereto. No exception was reserved at the time the verdict was received by the court, but in the motion for a new trial it is contended this amounted to no verdict. Such contention can not be sustained.

The judgment is affirmed.

*Affirmed.*